# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE J. ROBINSON, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-13-0276 |
| v. : | |
| : | (Judge Caputo) |
| WARDEN J.E. THOMAS, : | |
| : | |
| Respondent : | |

# M E M O R A N D U M

## I.     Introduction

Petitioner, Clarence J. Robinson, a federal inmate at USP-Lewisburg, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Robinson argues that his conviction and sentence violate the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because he was given a life sentence when neither the drug quantity attributed to him nor his prior convictions were in the indictment or proven to the jury.[1] (Doc. 1, Pet.) After careful review, the Court concludes Mr. Robinson has not shown his petition satisfies the requirements of the savings clause of 28 U.S.C. § 2255(e). Therefore, his § 2241 petition will be dismissed for lack of jurisdiction.

---

[1] The *Apprendi* rule requires that "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63; *see also Southern Union Co. v. United States*, ___ U.S. ___, ___, 132 S.Ct. 2344, 2348, 183 L.Ed.2d 318 (2012)(extending the rule of *Apprendi* to the imposition of criminal fines.)

## II. Background

A jury convicted Mr. Robinson in 1996 of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. *U.S. v. Robinson*, 110 F.3d 1320, 1322 (8th Cir.), *cert. denied*, 522 U.S. 975, 118 S.Ct. 432, 139 L.Ed.2d 331 (1997). At sentencing, the District Court relied on a presentence report finding, to which Mr. Robinson did not object, and "attributed eighty-three ounces of cocaine base to Robinson and, because he had been twice convicted on felony drug charges, sentenced Robinson to life imprisonment as required by 21 U.S.C. § 841(b)(1)(A)(1994)." *Id*. at 1327. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. *Id*. In 1988, Mr. Robinson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States District Court for the District of Nebraska denied the motion and the Eighth Circuit Court of Appeals once more affirmed. *United States v. Robinson*, 301 F.3d 923 (8th), *cert. denied*, 537 U.S. 1238, 123 S.Ct. 1367, 155 L.Ed.2d 207 (2003).

In February 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California "challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence." *Robinson v. Unknown*, No. CVF 06-00149 REC DLB HC, 2006 WL 1774637, *1 (E.D. Cal. Jun. 24, 2006). The petition was dismissed for lack of jurisdiction. *Id.*

Mr. Robinson then sought permission from the Eighth Circuit Court of Appeals for allowance to file a successive habeas petition. The Court denied the

motion on September 18, 2008. *Robinson v. United States*, No. 08-2163, *slip op.* (8th Cir. Sept. 18, 2008). Mr. Robinson then filed a second § 2255 motion to vacate in the United District Court for the District of Nebraska. This motion was denied on January 27, 2010, as violative of 28 U.S.C. § 2244(3)(A) because Petitioner did not receive permission from the Eighth Circuit Court of Appeals to file a second or successive § 2255 petition. *United States v. Robinson*, No. 8:95CR79, 2010 WL 427990 (D. Neb. Jan. 27, 2010).

In June 2010, the Eighth Circuit Court of Appeals denied Mr. Robinson's second request to file a successive habeas petition. *Robinson v. United States*, No. 10-1414, slip op. (8th Cir. June 23, 2010). Mr. Robinson filed another Motion to Vacate pursuant 28 U.S.C. §2255 in August 2010. The sentencing court denied the motion as an unauthorized successive § 2255 petition on January 14, 2011. *United States v. Robinson*, 8:95-CR-0079 (D. Neb.) Mr. Robinson's appeal was denied by the Eighth Circuit Court of Appeals. *See United States v. Robinson*, No. 11-1584 (8th Cir. May 20, 2011).

In June 2011, Mr. Robinson filed his first § 2241 petition with this Court "arguing that his sentence was illegally enhanced by a prior conviction that was enhanced by a prior conviction that did not occur — a claim he concede[d] has been raised and rejected in his earlier habeas actions." *Robinson v. Bledsoe*, 467 F. App'x 103, 104 (3d Cir. 2012). We construed Mr. Robinson's petition as a second or successive § 2255 motion, and dismissed it for lack of jurisdiction. *Id*. The Court of Appeals for the Third Circuit summarily affirmed our decision. *Id*.

-3-

In February 2013, Mr. Robinson filed his third § 2241 petition challenging his conviction and sentence. This is the petition presently before the Court. As previously noted, Mr. Robinson asserts that his sentence was imposed in violation of *Apprendi, supra*, a Supreme Court case that was decided after he submitted his § 2255 motion, but before it was ruled upon. (Doc. 1, ECF p. 6 and p. 8.) Mr. Robinson claims that because he was never "charged or convicted of any amount of drugs," the sentencing court's imposition of a life sentence is beyond the statutory maximum and, thus unconstitutional. (*Id*., ECF p. 7.) He argues that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to raise this claim because he has already filed a § 2255 motion and did not have a prior opportunity to challenge his sentence "since the law changed." (*Id*., ECF p. 5.) Yet, Mr. Robinson also notes that he "raised the claim as part of [his] direct appeal." (*Id*., ECF p. 7.) As relief, he seeks the Court to either resentence him or transfer his petition to the United States District Court of Nebraska. (*Id*., ECF p. 8.)

## III.    Discussion

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 presented to the sentencing court. *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997).

A defendant may invoke section 2241, but only when he shows under section 2255's "safety valve" provision, 28 U.S.C. § 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.[2] Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (citing *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997)). If a defendant improperly challenges his federal conviction

---

[2] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless the following requirements are met:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007) (per curiam) (nonprecedential).

Here, Mr. Robinson has not demonstrated the extraordinary circumstances necessary to trigger the invocation of § 2255's saving clause. He does not claim that his conviction is for conduct later declared to be non-criminal by an intervening change in law. Rather, he claims his sentence was improperly calculated. The *Dorsainvil* exception is inapplicable to such a claim, and hence the Court cannot consider his claims in a § 2241 petition. See *Dorsainvil*, 119 F.3d 250; *Okereke v. United States*, 307 F.3d 117 (3d cir. 2002)("Unlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which the petitioner was convicted, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument").

Additionally it is noted that Mr. Robinson's lack of success to obtain permission from the Eighth Circuit Court of Appeals to file a second or successive § 2255 petition does not demonstrate that § 2255 is inadequate or ineffective. *See Okereke*, 307 F.3d at 120-21. Mr. Robinson has not satisfied the requirements of § 2255's saving clause. Accordingly, we must dismiss the petition for lack of jurisdiction.

Alternatively, we note that Mr. Robinson's repeated attempts to re-litigate the conclusively-resolved matter of his life sentence comes dangerously close to abuse of the writ. In *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the Supreme Court explained that the abuse of the writ doctrine generally precludes inmates from relitigating the same issues in subsequent applications or from raising new issues in subsequent habeas petitions. *Id*. at 489, 111. S.Ct. at 1468. Such is the case here.

## IV.  Conclusion

Based on the foregoing discussion, Mr. Robinson's petition for writ of habeas corpus pursuant to § 2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

   /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**DATE: June 24   , 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARENCE J. ROBINSON,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-13-0276** |
| v. : | |
| : | **(Judge Caputo)** |
| **WARDEN J.E. THOMAS,** : | |
| : | |
| Respondent : | |

**O R D E R**

**AND NOW**, this 24th day of **JUNE, 2013**, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court is directed to **CLOSE** this case.

　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　**United States District Judge**